# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12-cv-389-RJC

| | |
|---|---|
| ALDEN ROLAND, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) ) **ORDER** |
| ROBERT LEWIS, | ) ) ) |
| Respondent. | ) ) ) |

**THIS MATTER** comes before the Court on Petitioner Alden Roland's federal habeas petition brought under 28 U.S.C. § 2254, (Doc. No. 1), and on Respondent's Motion to Dismiss, (Doc. No. 7). For the following reasons, the petition will be dismissed as untimely.

## I. BACKGROUND

Petitioner Alden Roland, a prisoner of the State of North Carolina, was convicted after a jury trial on October 3, 2005, in Buncombe County Superior Court, of first-degree sexual offense, first-degree burglary, felony larceny, first-degree rape, and of being a habitual felon. (Doc. No. 8-3 at 3). Petitioner was sentenced to two consecutive terms of 433-529 months for the first-degree rape and first-degree sexual offense, and to two consecutive terms of 133-169 months for the first-degree burglary and felony larceny. (Id.). Petitioner appealed, and the North Carolina Court of Appeals affirmed Petitioner's conviction in an unpublished opinion dated May 15, 2007. State v. Roland, 183 N.C. App. 300, 644 S.E.2d 269 (2007).

Petitioner filed a pro se motion for appropriate relief ("MAR") in Buncombe County

Superior Court on June 19, 2012, and the MAR was summarily denied on July 24, 2012. (Doc. Nos. 8-7; 8-8). Petitioner filed a petition for writ of certiorari with the North Carolina Court of Appeals on August 23, 2012, which petition was denied on September 11, 2012. (Doc. Nos. 8-9; 8-11).

Petitioner placed the instant § 2254 petition in the prison mail system on November 21, 2012, and the petition was stamp-filed on December 4, 2012.[1] Petitioner alleges the following grounds for relief in the petition: (1) Petitioner was sentenced under a statute that is facially unconstitutional due to its ungraduated form of punishment in violation of the Eighth and Fourteenth Amendments; and, (2) alternatively, the application of the statutory punishment creates a sentence that is grossly disproportionate to Petitioner's crimes in violation of the Eighth and Fourteenth Amendments. (Doc. No. 1 at 5; 7). Specifically, in support of his two, overlapping grounds for relief, Petitioner contends that he was originally sentenced to consecutive sentences of 433-529 months for first-degree rape, 433-529 months for first-degree sexual offense, 133-169 months for first-degree burglary, and 133-169 months for felonious larceny, totaling a minimum of 1132 months and maximum term of 1396 months. (Doc. No. 1 at 19). Petitioner states that he became aware, while serving his sentence, that the North Carolina Department of Public Safety was "treating and enforcing his terms of imprisonment as a 'single' minimum term of 1132 months and a maximum term of 1369 months" under a state statute that Petitioner contends is unconstitutional. (Id. at 20). Petitioner contends that the state's intent to treat his terms of imprisonment as a single term violates Petitioner's Eighth and Fourteenth Amendment rights in that the single sentence "creates a term of imprisonment grossly

---

[1] Petitioner originally filed the petition in the Middle District of North Carolina, but that Court transferred the petition to this Court. This appears to be the first § 2554 petition filed by Petitioner challenging his conviction.

disproportionate to Petitioner's offenses." (Id. at 21). On October 25, 2013, Respondent filed the pending motion to dismiss.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Furthermore, for convictions that became final before the AEDPA's

effective date, the limitations period began to run on April 24, 1996, the effective date of the Act. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Finally, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

Here, Petitioner was convicted on October 3, 2005, and the North Carolina Court of Appeals affirmed his conviction on May 15, 2007. Petitioner did not file a petition for writ of certiorari with the North Carolina Supreme Court. Therefore, Petitioner's conviction became final on June 19, 2007, or 35 days after the North Carolina Court of Appeals affirmed his conviction. See N.C. R. App. 14(a) and 15(b) (2007) (providing fifteen days after the court of appeals issues its mandate to file a notice of appeal and/or petition for discretionary review with North Carolina Supreme Court); N.C. R. App. 32(b) (2007) (unless otherwise ordered by the court, the mandate issues 20 days after decision is filed). Petitioner's one-year statute of limitations then ran for 365 days until it fully expired on June 18, 2008. Petitioner placed the instant § 2254 petition in the prison mail system on November 21, 2012, and the petition was stamp-filed on December 4, 2012. Thus, the petition is more than four years out of time. Furthermore, the filing of Petitioner's MAR dated June 19, 2012, and his certiorari petition dated August 23, 2012, did not revive the already expired one-year limitations period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (concluding that the Section 2254 petition was "clearly time-barred," where the petitioner had moved for post-conviction relief in state court only after the time limitation had expired).

Petitioner contends in his petition and in his response to the motion to dismiss that he is entitled to statutory or equitable tolling. Petitioner's contentions are without merit. To be

4

entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstances stood in the way of him filing the petition in a timely manner. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Here, Petitioner has not shown that he was diligent in pursuing his rights, as he waited five years after his conviction became final to file his § 2254 petition.

Nor has Petitioner shown that an extraordinary circumstance prevented him from filing the petition in a timely manner. Petitioner should have been aware of the factual predicates for his claims since at least the time his convictions became final on June 19, 2007. In other words, through the exercise of due diligence, Petitioner should have been aware, through public sources, of the statute under which he was sentenced, i.e., North Carolina's Structured Sentencing Act, N.C. GEN. STAT. § 15A-1340.17(c) and (e) (2001), and that his sentence was allegedly ungraduated or disproportionate.[2] See 28 U.S.C. § 2244(d)(1)(D) (stating that the one-year period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). See also Green v. Johnson, 515 F.3d 290, 305 (4th Cir.) (stating that the time starts under § 2244(d)(1)(D) when inmate could have discovered factual predicate from public sources using due diligence), cert. denied, 553 U.S. 1076 (2008); Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003) (holding that one-year period was triggered under § 2244(d)(1)(D) on the date the inmate could have discovered the factual predicate "through public sources"). Furthermore, the U.S. Supreme Court addressed proportionality under the Eighth and Fourteenth Amendments well before Petitioner's October 3,

---

[2] In any event, as Respondent notes, the U.S. Supreme Court has specifically upheld as constitutional the practice of judges imposing consecutive sentences for multiple crimes. See Oregon v. Ice, 555 U.S. 160, 164 (2009) (finding that a trial judge may impose consecutive sentences for multiple offenses without violating constitutional right to jury trial).

2005, convictions. See, e.g., Ewing v. California, 538 U.S. 11 (2003) (sentence of 25 years to life for theft of golf clubs under California's "three strikes" law upheld under Eighth Amendment); Lockyer v. Andrade, 538 U.S. 63 (2003) (two consecutive terms of 25 years to life for two counts of petty theft under California's "three strikes" law upheld).

Next, to the extent that Petitioner asserts that his claims rely on a newly recognized right of proportionality as set forth by the U.S. Supreme Court in Graham v. Florida, 560 U.S. 48 (2010), this contention is also without merit because the holding in Graham simply does not apply to Petitioner. In Graham, the Supreme Court held that the Eighth Amendment proportionality requirement does not permit a juvenile offender to be sentenced to life without parole for a non-homicide crime. Petitioner was 50 years old when he committed the crimes in this case. Thus, Graham simply does not apply to Petitioner.[3]

In sum, for the reasons stated herein, the petition is untimely, and Petitioner has not met the burden of showing that this Court should apply equitable tolling.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2254 petition is **DENIED** and **DISMISSED**;

2. Respondent's Motion to Dismiss, (Doc. No. 7), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322,

---

[3] Furthermore, even if Graham applied, the petition would still be untimely because it was not filed within one year of the date Graham was decided.

336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Robert J. Conrad, Jr.
United States District Judge